UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH MICHAEL BOVA, JR.,    :

      Plaintiff    :    CIVIL ACTION NO. 3:25-258

    v.    :    (JUDGE MANNION)

RAY SAJONE and    :
CATHY MOFFAT SAJONE,
        :
      Defendants
        :

## MEMORANDUM

Pending before the court is a report from United States Magistrate Judge Susan E. Schwab which recommends that the plaintiff's complaint be dismissed for lack of subject matter jurisdiction. (Doc. 10). The plaintiff has filed objections to the report. (Doc. 11).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

As set forth by Judge Schwab, when the plaintiff filed his original complaint, he omitted any information regarding the basis of this court's subject matter jurisdiction. The plaintiff was given the opportunity to file an amended complaint to cure the deficiency. The plaintiff filed an amended complaint, but again, failed to provide the basis of the court's subject matter jurisdiction.

In reviewing the plaintiff's amended complaint, Judge Schwab provides that there is no indication that the plaintiff is bringing his claim(s) under the

Constitution, laws, or treaties of the United States. Therefore, the court would not have federal question jurisdiction pursuant to 28 U.S.C. §1331.

Looking then to diversity jurisdiction, which exists in civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between *inter alia* citizens of different states, 28 U.S.C. §1332, Judge Schwab notes that the plaintiff alleged in his original complaint that he is a citizen of Pennsylvania, but did not allege the citizenship of the defendants. He did, however, provide a Pennsylvania address for the defendants. In his amended complaint, the plaintiff fails to allege either his or the defendants' citizenship. As Judge Schwab correctly notes, with no other information, the court cannot determine that complete diversity of citizenship exists between the plaintiff and the defendants.

With no indication that this matter falls within any of the other categories of the court's subject matter jurisdiction, *see* 28 U.S.C. §§1330, 1333-69, Judge Schwab recommends that this matter be dismissed. Although it is recommended that the complaint be dismissed without further leave to amend because the plaintiff has already been given that opportunity, Judge Schwab recommends that his complaint be dismissed without prejudice to reflect that the matter has not been decided on the merits.

The plaintiff has filed objections to Judge Schwab's report. (Doc. 11). While difficult to decipher due to the rambling nature[1], it is clear that the plaintiff has not presented anything to cure the deficiencies of his original and amended complaints and demonstrate that this court has subject matter jurisdiction over any claim(s) which the plaintiff is attempting to bring. As a result, his objections will be overruled and the report of Judge Schwab will be adopted in its entirety.

An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: October 22, 2025**
25-258-01

---

[1] As discussed by Judge Schwab, the plaintiff's filings are largely stream-of-consciousness thoughts which are confusing and difficult to understand.